IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST William D. WHITNALL, Attorney
at Law.

Supreme Court

*No. 90-0592-D. Submitted on briefs March 24, 1992.—Decided
April 20, 1992.*

(Also reported in 482 N.W.2d 648.)

For Attorney William D. Whitnall there was a brief
by *Mr. Whitnall,* Racine.

For the Board of Attorneys Professional Responsi-
bility there was a brief by *John O. Olson* and *Braden &
Olson,* Lake Geneva.

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

Attorney William D. Whitnall appealed from the
report of the referee recommending that his license to
practice law be suspended for 18 months as discipline for
professional misconduct. That misconduct consisted of

his endorsing, without authorization, the name of an insurer on a settlement check and negotiating that check without making payment from the proceeds the amount due to that insurer, continuing to practice law while suspended from practice for failure to comply with continuing legal education requirements, refusing to promptly transfer a client's file to successor counsel upon the client's request, applying to his fees a portion of a client's retainer designated to be used for the client's bail, failing to promptly refund an unearned retainer to a client and failing to respond to requests from the Board of Attorneys Professional Responsibility during its investigation of these matters. Attorney Whitnall contended that the referee's findings of fact are not supported by the evidence and that the conclusions of law based on those findings are in error.

We adopt the referee's findings of fact, as they are not clearly erroneous, and, with the exception noted below, the referee's conclusions of law, which are supported by the facts. We determine that the recommended 18-month license suspension is appropriate discipline for Attorney Whitnall's misconduct. His retention of funds to which he was not entitled and his delay in turning over a client's file to successor counsel demonstrate that he lacks the proper appreciation of the lawyer's professional duty to clients and others with respect to their property. He has also indicated his unwillingness to be bound by the court's rules directed to ensuring the competence of lawyers practicing in this jurisdiction.

Attorney Whitnall was admitted to practice law in Wisconsin in 1968 and practiced in Racine; he now resides in Ripon. He has not previously been the subject of an attorney disciplinary proceeding. The referee in this proceeding is Attorney Charles Herro. Following a

hearing, the referee made the following findings of fact and conclusions of law with respect to Attorney Whitnall's professional misconduct.

In 1985, Attorney Whitnall settled a client's personal injury claim for $18,500. Prior to settlement, one of two insurers notified the other that it had paid $2,000 in medical care for the client, claiming a subrogation interest in that amount in any settlement. The second insurer then issued a settlement check for $18,500 payable to the client, the insurer that had paid medical expenses and Attorney Whitnall.

Without having deposited that settlement check, Attorney Whitnall issued three checks from his law office account, two totaling $2,600 in payment of his client's medical expenses and one to his client in the amount of $10,552. At the time he issued those checks, his law office account was overdrawn by more than $200.

Attorney Whitnall claimed to have tried to contact the medical payment insurer for several days after he received the settlement check on or about May 25, 1985, but that contention was belied by the insurer's records which showed there was no contact from him prior to June 12, 1985. After endorsing his and, with her permission, his client's name and the name of the insurer that had provided medical payments, Attorney Whitnall deposited the settlement check into his law office account on June 5, 1985. The insurer made numerous attempts through its staff and retained counsel to obtain payment of its subrogation claim. When those attempts proved unsuccessful, its counsel notified the office of the district attorney. Thereafter, Attorney Whitnall contacted the insurer's counsel and ultimately paid the subrogation claim.

The referee concluded that, by endorsing the insurer's name on the settlement check without its

authority to do so, Attorney Whitnall engaged in "illegal conduct involving moral turpitude" in violation of former SCR 20.04(3).[1] The referee further concluded that his commingling of funds of his law practice with his client's funds violated former SCR 20.50(1).[2]

In the course of the investigation of the Board of Attorneys Professional Responsibility (Board) in this matter, Attorney Whitnall did not respond to all of the questions put to him by the Board and did not respond at all to three letters from the Board inquiring into the

---

[1]Former SCR 20.04 provided:

**Misconduct.** A lawyer shall not:

. . .

(3)  Engage in illegal conduct involving moral turpitude.

The current comparable rule is SCR 20:8.4(b) which provides:

It is professional misconduct for a lawyer to: . . . (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness of fitness as a lawyer in other respects;

[2]Former SCR 20.50 provided:

**Preserving identity of funds and property of a client.** (1) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm may be deposited in such an account except as follows:

(a)  Funds reasonably sufficient to pay bank charges may be deposited in the account.

(b)  Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited in the account, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion may not be withdrawn until the dispute is finally resolved.

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:1.15(a).

matter. The referee concluded that Attorney Whitnall thereby violated SCR 21.03(4)[3] and 22.07(3).[4]

In the fall of 1987, Attorney Whitnall was suspended from the practice of law for failing to comply with continuing legal education requirements. While so suspended, he sat at counsel table with another attorney and participated in litigation and, on a daily basis, went to his office where he worked on client matters. The referee concluded that he thereby violated SCR 22.26(2),[5] which prohibits a lawyer from engaging in the practice of law while suspended from practice and

---

[3]SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board of administrator.

[4]SCR 22.07 provides:

**Investigation.**

. . .

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

[5]SCR 22.26 provides:

**Activities on revocation or suspension of license.**

. . .

(2) A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel, except that he or she may engage in law related work for a commercial employer not itself engaged in the practice of law.

requires a suspended lawyer to notify clients of the suspension.

In 1986 an attorney with whom Attorney Whitnall was practicing left that practice, asking that a file belonging to a client friend be transferred to him. The client had requested in writing that the file be transferred to that attorney and directed Attorney Whitnall to cease representing him. Despite repeated demands, Attorney Whitnall failed, neglected and refused to transfer the file for approximately one month. Soon thereafter, the client's successor counsel sent Attorney Whitnall a stipulation to withdraw as counsel of record for the client. Attorney Whitnall declined to sign that stipulation, thereby necessitating a court hearing on a motion to remove him as counsel of record.

The referee concluded that Attorney Whitnall's failure to promptly release the client's file to successor counsel at the client's request violated former SCR 20.16(1)(b)[6] and that his failure to withdraw from representation pursuant to the client's request violated former SCR 20.16(2)(d).[7]

---

[6]Former SCR 20.16 provided:

**Withdrawal from employment.** (1) IN GENERAL.

. . .

(b) In any event, a lawyer may not withdraw from employment until he or she has taken reasonable steps to avoid foreseeable prejudice to the rights of the client, including giving due notice to his or her client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules.

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:1.16(d).

[7]Former SCR 20.16 provided:

**Withdrawal from employment.**

. . .

(2) MANDATORY WITHDRAWAL. A lawyer representing a

In February, 1987, Attorney Whitnall was retained to represent a man charged with murder. The man's brother paid him a $5,000 retainer and gave him an additional $2,000 in cash. Attorney Whitnall did not deposit the $2,000 into either his law office account or his client trust account. Prior to trial, the client was accused of violating terms of his bond and the $2,000 was used as bond in that matter. The bond was later returned by the county to the client, who then authorized Attorney Whitnall to apply it to fees and expenses of his representation.

After the trial, the client's brother asked Attorney Whitnall for the return of the $2,000. Attorney Whitnall met with the brother and told him the client had instructed him to use the money as bond for the bail-jumping charge and, subsequently, as legal fees. He noted, however, that the brother was entitled to the $2,000 and that $2,000 should be debited to the client's account with Attorney Whitnall.

The referee found that the $2,000 was intended to be used for the client's bail, legal expenses or attorney fees and the client's brother retained an interest in that amount. The referee concluded that Attorney Whitnall's failure to return the $2,000 to the client's brother violated former SCR 20.50(2)(d).[8] The referee also found

---

client before a tribunal, with its permission if required by its rules, shall withdraw from employment and a lawyer representing a client in other matters shall withdraw from employment, if:

. . .

    (d)   The lawyer is discharged by his client.

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:1.16(a)(3).

[8]Former SCR 20.50 provided:

**Preserving identity of funds and property of a client.**

  . . .

that Attorney Whitnall failed to respond to Board inquiries into this matter and thereby violated SCR 21.03(4) and 22.07(3).

In July, 1987, a man retained Attorney Whitnall to represent him in a dispute over marital property, for which he paid him $700 as a retainer, $500 for fees and $200 for costs. In December, 1987, the client wrote Attorney Whitnall that, as a result of difficulty he had in communicating with him and his office, he had obtained successor counsel and asked that his file and the retainer be returned. Attorney Whitnall released the file but retained the funds. In March, 1989 he returned the $200 held in his trust account for costs in the contemplated proceeding but did not return or account for any of the $500 the client had paid toward his fees. After unsuccessfully attempting to obtain an accounting for services from Attorney Whitnall, the client's successor counsel brought a small claims action, recovering judgment in the amount of $500, which Attorney Whitnall paid.

The referee concluded that Attorney Whitnall's failure to promptly return the unearned fees to the client violated former SCR 20.16(1)(c).[9] Further, his failure to respond to successor counsel's written and oral requests for an accounting of the retainer the client had paid

---

(2) A lawyer shall:

. . .

(d) Promptly pay or deliver to the client as requested by a client the funds, securities or other properties in the possession of the lawyer which the client is entitled to receive.

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:1.15(b).

[9]Former SCR 20.16 provided:

**Withdrawal from employment.** (1) IN GENERAL.

. . .

(c) A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned.

violated former SCR 20.50(2)(c).[10] The referee also found that Attorney Whitnall failed to respond to two letters on inquiry from the Board in its investigation of this matter, thereby violating SCR 21.03(4) and 22.07(3).

We find unpersuasive Attorney Whitnall's argu-, ments that the referee's findings were unsupported by the evidence. Among other arguments, he contended that he did not commingle his funds with his client funds in the settlement matter because the payments he had made to the medical providers and to his clients had come from his law firm's funds, thus justifying his subsequent deposit of the settlement check into his law office account. He also argued that he had notified the circuit court of his suspension from practice prior to the hearing at which he sat at counsel table and assisted in the litigation. He further contended that the work he conducted in his office while suspended consisted merely of doing research and putting the results on his computer.

In regard to his failure to transfer the client's fund to successor counsel, Attorney Whitnall claimed he was merely taking reasonable steps to avoid foreseeable prejudice to the client's rights and to give the client

---

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:1.16(d).

[10]Former SCR 20:50 provided:

**Preserving identity of funds and property of a client.**

. . .

(2)   A lawyer shall:

. . .

(c)   Maintain complete records of all funds, securities and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them.

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:1.15(b).

710

notice of what was happening with his legal matter. Concerning his failure to respond to Board inquiries into his conduct in these matters, Attorney Whitnall argued that his failure was the result of alcoholism, for which he had sought treatment. He asserted that, for a considerable time following that treatment, he was unable to tend to business, including the requests from the Board.

We adopt the referee's findings of fact, as Attorney Whitnall has not established that they are clearly erroneous. We also adopt the referee's conclusions of law, with the exception of the conclusion that Attorney Whitnall's endorsement of the insurer's name on the settlement check without authority to do so constituted illegal conduct involving moral turpitude. Rather, we conclude that Attorney Whitnall thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of former SCR 20.04(4).[11]

We determine that an 18-month suspension of Attorney Whitnall's license to practice law is appropriate discipline for his misconduct. In making that recommendation, the referee took into account Attorney Whitnall's record as a prosecutor and a public defender, his pro bono work in his community and his efforts as a recovering alcoholic.

IT IS ORDERED that the license of William D. Whitnall to practice law in Wisconsin is suspended for a period of 18 months, commencing May 20, 1992.

---

[11]Former SCR 20.04 provided:

**Misconduct.** A lawyer shall not:

. . .

(4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

IT IS FURTHER ORDERED that within 60 days of the date of this order William D. Whitnall pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of William D. Whitnall to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that William D. Whitnall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.