IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
William D. WHITNALL, Attorney at Law.

Supreme Court

*No. 93–1147–D. Filed February 1, 1994.*

(Also reported in 511 N.W.2d 584.)

PER CURIAM. *Attorney disciplinary proceeding;*
*attorney's license suspended.*

1

We review the recommendation of the referee that the court, as discipline for professional misconduct, suspend the license of William D. Whitnall to practice law in Wisconsin for 60 days, consecutive to the disciplinary license suspension imposed in 1992. Attorney Whitnall's misconduct considered in this proceeding consisted of his failure to diligently pursue a client's personal injury action, his failure to respond to requests for discovery in that action and to appear at a hearing on a motion to dismiss and his failure to timely notify his client of the dismissal and to take any action to reopen the case following dismissal. The referee further recommended that the reinstatement of Attorney Whitnall's license to practice law be conditioned on his written agreement to make restitution to the client in the action.

We determine that the license suspension recommended by the referee is appropriate discipline to be imposed for Attorney Whitnall's professional misconduct. He failed to perform timely and properly the duties he undertook on behalf of a client, thereby obstructing his client's recourse to the courts for a determination of his personal injury claim.

In May, 1992, the court suspended Attorney Whitnall's license for the following misconduct: endorsing without authorization the name of an insurer on a settlement check and negotiating that check without making payment from the proceeds the amount due to that insurer, continuing to practice law while suspended from practice for failure to comply with continuing legal education requirements, refusing to promptly transfer a client's file to successor counsel upon the client's request, applying to his fee a portion of a client's retainer designated to be used for the client's bail, failing to promptly refund an unearned

retainer to a client and failing to respond to requests from the Board of Attorneys Professional Responsibility during its investigation of these matters. *Disciplinary Proceedings Against Whitnall,* 167 Wis. 2d 702, 482 N.W.2d 648.

Attorney Whitnall was licensed to practice law in Wisconsin in 1968 and, prior to his suspension, practiced in Racine. He currently resides in Wautoma. The referee, the Hon. Robert McGraw, reserve judge, made the following findings of fact based on a stipulation entered into by Attorney Whitnall, as well as testimony presented at a disciplinary hearing.

Attorney Whitnall was retained in November, 1983 by a man who had suffered personal injuries in a motor vehicle-train collision. Although he promptly wrote to the insurer of the driver of the vehicle and to his client's medical care providers and served a notice of claim and injury on the municipality in which the accident occurred, Attorney Whitnall did not respond to the insurers' requests for medical bills and reports or to his client's insurer's request to protect its subrogation rights. Almost three years later, on the last date within the statute of limitations on the client's claim, Attorney Whitnall filed an action in circuit court. In the course of discovery in that action, Attorney Whitnall notified opposing counsel on two occasions of his inability to attend scheduled depositions of his client less than one hour before the scheduled time. The court assessed costs against him for those last-minute failures to appear and for his repeated failure to provide answers to written interrogatories and requests for production of documents. When he continued to fail to provide answers and documents as ordered, the court dismissed the action on the merits, with prejudice.

Despite his client's repeated and unsuccessful attempts to contact him regarding the status of the case, Attorney Whitnall did not notify his client that the case had been dismissed for a year and a half, well after the time for appeal had expired. Attorney Whitnall neither moved to reopen the case nor appealed the dismissal.

The client subsequently brought a malpractice action against Attorney Whitnall and the court ordered, on stipulation of the parties, that further proceedings be stayed for several years and directed Attorney Whitnall to make $1,000 monthly payments to the plaintiff. Attorney Whitnall paid almost $4,000 over the first six months but when he was unable to continue making those payments, the court entered a default judgment against him in the amount of $56,050.

The referee concluded that Attorney Whitnall's failure to pursue diligently his client's action, to respond to interrogatories and requests for production of documents, to adequately respond to scheduled depositions, to appear at a hearing on a motion to dismiss his client's action and to take any action to reopen the case following dismissal constituted neglect of his client's legal matters, in violation of former SCR 20.32(3).[1] Further, his failure to notify the client of the dismissal of his action for a year and a half constituted a failure to communicate with his client, in violation of former SCR 20.32(3).

---

[1] Former SCR 20.32 provided:

**Failing to act competently.** A lawyer may not:

. . .

(3) Neglect a legal matter entrusted to the lawyer.

The corresponding current rules are SCR 20:1.3 and 20:1.4 (a).

In addition to the 60-day license suspension, the referee recommended that as a condition of the reinstatement of Attorney Whitnall's license to practice law that he be required to agree in writing to make restitution to the client in the matter considered in this proceeding in the amount of $56,050, plus statutory interest, by either a specified monthly payment or a specified percentage of his monthly income and that he pay the costs of this proceeding.

We accept the referee's findings of fact and conclusions of law and impose the recommended 60-day license suspension as recommended. Because that suspension was recommended to be consecutive to the prior license suspension and as that suspension remains in effect, the license suspension ordered in this proceeding shall commence forthwith.

IT IS ORDERED that the license of William D. Whitnall to practice law in Wisconsin is suspended for a period of 60 days, commencing the date of this order.

IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law, William D. Whitnall shall agree in writing to make restitution as recommended by the referee in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order William D. Whitnall pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of William D. Whitnall to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that William D. Whitnall comply with the provisions of SCR 22.26 concerning

the duties of a person whose license to practice law in Wisconsin has been suspended.