IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
William D. WHITNALL, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

William D. WHITNALL, Respondent.

Supreme Court

*No. 98–3408–D. Filed October 22, 1999.*

(Also reported in 600 N.W.2d 910.)

¶ 1. PER CURIAM. We review the report of the referee recommending that the license of William D. Whitnall to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct. That misconduct consisted of his failure to file and serve an answer in a civil forfeiture proceeding timely and appear at scheduled motion hearings in that matter and for failure to respond timely to requests from the Board of Attorneys Professional Responsibility (Board) in connection with its investigation of professional misconduct allegations in another matter.

¶ 2. We determine that the appropriate discipline to impose for Attorney Whitnall's professional misconduct established in this proceeding is a 60-day license suspension. Attorney Whitnall has been disciplined for professional misconduct three times previously, and a license suspension is needed to impress upon him the seriousness of his professional obligations to his clients and to the authority charged with investigating allegations of attorney professional misconduct.

¶ 3. Attorney Whitnall was licensed to practice law in Wisconsin in 1968 and practices in Racine. He has been disciplined for professional misconduct on three prior occasions. In 1986, the Board privately reprimanded him for acting in the presence of a conflict of interest, neglect of a legal matter, and failure to communicate with a client. In 1992, the court suspended his license for 18 months as discipline for endorsing, without authorization, the name of an insurer on a settlement check and negotiating that check without making payment from the proceeds of the amount owing to that insurer, continuing to practice law while suspended from practice for failure to comply with continuing legal education requirements, refusing to

promptly transfer a client's file to successor counsel upon the client's request, applying to his fees a portion of a client's retainer designated to be used for the client's bail, failing to promptly refund an unearned retainer to a client, and failing to respond to requests from the Board during its investigation into his conduct. *Disciplinary Proceedings Against Whitnall,* 167 Wis. 2d 702, 482 N.W.2d 648. In 1994, the court suspended his license for 60 days as discipline for failing to pursue diligently a client's personal injury action, to respond to requests for discovery in that action and appear at a hearing on a motion to dismiss, and to notify his client timely of the dismissal and take action to reopen the case. *Disciplinary Proceedings Against Whitnall,* 181 Wis. 2d 1, 511 N.W.2d 584.

¶ 4.   The referee in the instant proceeding, Attorney Kathleen Callan Brady, held a disciplinary hearing and made findings of fact concerning Attorney Whitnall's conduct in his representation in the fall of 1996 of a client charged with marijuana possession and recklessly endangering safety. That client also was named defendant in a civil forfeiture action seeking to seize the automobile he had been driving at the time of the crimes. Attorney Whitnall prepared an answer to the forfeiture complaint but neither sought nor received an extension of time to file and serve it. When the answer was filed and served beyond the statutory time, the prosecutor moved to strike it.

¶ 5.   At about the same time, Attorney Whitnall filed motions for leave to withdraw as the client's counsel in the forfeiture action and to withdraw from the client's representation in the criminal action. He did not appear at the hearing on those motions, and his motion to withdraw in the forfeiture action was denied. He also failed to appear at the adjourned hearing on

the motion to strike his answer, and the court determined that the client was in default and ordered forfeiture of the automobile.

¶ 6. In a separate matter, the Board wrote to Attorney Whitnall in August 1997 requesting his response to a grievance that had been filed by a client in a sentence modification matter. Attorney Whitnall did not respond to that inquiry or to a subsequent certified letter from the Board requesting a response.

¶ 7. On the basis of those facts, the referee concluded that Attorney Whitnall's failure to file and serve an answer in the forfeiture proceeding timely and appear at scheduled motion hearings constituted a failure to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[1] The referee concluded further that Attorney Whitnall failed to cooperate with the Board's investigation into his conduct in the other matter, in violation of SCR 21.03(4) and 22.07(2).[2]

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 21.03(4) provides:

Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances' and complaints filed with or by the board or administrator.

SCR 22.07(2) provides:

During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide

¶ 8. As discipline for that misconduct, the referee recommended a 60-day license suspension. The referee observed that the misconduct was of the same type for which Attorney Whitnall had been disciplined previously. Concerning his failure to cooperate in the Board's investigation, the referee noted that Attorney Whitnall ultimately cooperated with the district professional responsibility committee and that his failure to respond timely to the Board's initial letters of inquiry was mitigated by health problems he had been experiencing. Taking the mitigating and aggravating factors into account, the referee determined that it is necessary to impress upon Attorney Whitnall the seriousness of his misconduct in order to prevent similar misconduct on his part in the future.

¶ 9. We adopt the referee's findings of fact and conclusions of law and determine that a 60-day license suspension is the appropriate discipline to impose for Attorney Whitnall's professional misconduct established in this proceeding. We also require that he pay the costs of this disciplinary proceeding, as the referee recommended.

¶ 10. IT IS ORDERED that the license of Attorney William D. Whitnall to practice law in Wisconsin is suspended for 60 days, commencing November 22, 1999.

¶ 11. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney William D. Whitnall pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that in the event the costs are not paid within the time specified and absent a showing to this court of his inability to

information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

pay the costs within that time, the license of William D. Whitnall to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 12.   IT IS FURTHER ORDERED that Attorney William D. Whitnall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.