IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
William D. WHITNALL, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

William D. WHITNALL, Respondent.

Supreme Court

*No. 00–1378–D. Filed December 20, 2000.*

## 2000 WI 131

(Also reported in 619 N.W.2d 926.)

¶ 1.   PER CURIAM.   We review the findings of fact, conclusions of law, and recommendation for sanctions  of  the  referee,  Rose  Marie  Baron[1]  pursuant

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name

to SCR 21.09(5).[2] Attorney Whitnall was found to have engaged in unprofessional conduct in the course of his practice of law and to have failed to cooperate with an investigation of grievances filed by his clients with the Board, all in violation of the rules of professional conduct. The referee recommended a two-year suspension of Attorney Whitnall's license to practice law, payment to a former client of $250 with interest, and the payment of the costs of these proceedings.

¶ 2.   We approve the findings, conclusions, and recommendations and determine that the seriousness of Attorney Whitnall's misconduct warrants the imposition of these sanctions.

¶ 3.   Attorney Whitnall was admitted to the practice of law in Wisconsin in 1968 and practices in the

---

of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed from the Board of Attorneys Professional Responsibility (Board) to the Office of Lawyer Regulation, and the Supreme Court rules applicable to the lawyer regulation system were also revised. Since the conduct underlying this case arose prior to October 1, 2000, all references will be to the Board and to the Supreme Court rules in effect prior to October 1, 2000.

[2] Former SCR 21.09(5) provided, in pertinent part:

(5)   The referee shall, within 30 days of the conclusion of the hearing, file with the clerk of the supreme court a report stating his or her findings and disposition of the complaint or petition by recommendation of dismissal or imposition of discipline as provided in SCR 21.06 or suspension or conditions upon the continued practice of law for medical incapacity. The board or the attorney may file an appeal of the referee's report with the supreme court within 20 days of the filing of the report. *If no appeal is timely filed, the supreme court shall review the referee's report and determine appropriate discipline in cases of misconduct* and appropriate action in cases of medical incapacity and may, on its own motion, within 30 days of the expiration of the time for appeal, order the parties to file briefs in the matter or extend the time in which it may order briefs. (Emphasis added.)

Racine area. His prior disciplinary history consists of a private reprimand in 1986, an 18-month suspension in 1992, a 60-day suspension in 1994, and a 60-day suspension in 1999.[3]

¶ 4.   On April 4, 2000, the Board issued a complaint against Attorney Whitnall ordering him to answer within 20 days. He did not answer and on May 22, 2000, the Board filed the complaint with this court which, on May 23, 2000, appointed Rose Marie Baron as referee. On June 14, 2000, the Board moved the referee for an order determining that Attorney Whitnall was in default for failing to answer the complaint and for an order requesting that the referee accept as true and correct and uncontested the allegations found within the Board's complaint. On July 17, 2000, Attorney Whitnall informed the referee that while he challenged the allegations, he was in "no position" to formally challenge the matter and that he would "avoid further participation so that it may not be said I condoned or implicitly agreed to this process or this opinion." The Board moved for a default judgment and the referee granted the motion. The referee then issued her findings, conclusions, and recommendation for sanctions on August 11, 2000.

¶ 5.   With respect to the first of Attorney Whitnall's clients involved in this disciplinary proceeding, Attorney Whitnall's conduct was found by the referee to have been improper in several respects.

---

[3] The proceedings in the last three matters are reported at *Disciplinary Proceedings Against Whitnall*, 167 Wis. 2d 702, 482 N.W.2d 648 (1992); *Disciplinary Proceedings Against Whitnall*, 181 Wis. 2d 1, 511 N.W.2d 584 (1994); and *Disciplinary Proceedings Against Whitnall*, 230 Wis. 2d 194, 600 N.W.2d 910 (1999).

¶ 6.   First, in 1989 he represented the client and her then husband in a divorce without obtaining written consent from either regarding the joint representation. By representing both in a proceeding, Attorney Whitnall was found to have represented a client when the representation of that client would be directly adverse to another client, in violation of SCR 20:1.7(a).[4]

¶ 7.   Second, in 1998 the client retained Attorney Whitnall to pursue a post-divorce motion to revise child support payments and income tax exemptions, paying him $250 as a retainer. Once again Attorney Whitnall did not obtain written consent from either the client or her former husband regarding representing the client in this post-divorce motion. By representing the client at this time, Attorney Whitnall was found to have represented a person in a matter after formerly representing another person in the same or substantially related matter when the interests of the current client were materially adverse to the interests of the former client and the former client had not been consulted and had not provided consent in writing, in violation of SCR 20:1.9(a).[5]

---

[4] SCR 20:1.7(a) provides:

(a)   A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
(1)   the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2)   each client consents in writing after consultation.

[5] SCR 20:1.9(a) provides:

A lawyer who has formerly represented a client in a matter shall not:
(a)   represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents in writing after consultation.

¶ 8. Third, also in 1998, Attorney Whitnall filed a motion, and appeared in court, on behalf of the client. The matter was adjourned to a later date and when Attorney Whitnall failed to appear at that time, the matter was dismissed. By failing to appear, Attorney Whitnall was found to have failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[6]

¶ 9. Fourth, following dismissal of the matter, Attorney Whitnall did not notify the client when he would refile the motion. Having not been informed of what was occurring, and concerned that nothing was being done on her case, she retained another attorney to represent her. Attorney Whitnall eventually refiled the motion approximately seven months later. Again, Attorney Whitnall was found to have failed to act with reasonable diligence and promptness in representing his client, in violation of SCR 20:1.3.

¶ 10. Fifth, Attorney Whitnall informed the client that he would return her $250 retainer if she would not file a grievance against him. The retainer has not been returned. Attorney Whitnall was found to have failed to take steps to the extent reasonably practicable to protect a client's interests upon the termination of her representation, such as refunding any advance payment of fee that had not been earned, in violation of SCR 20:1.16(d).[7]

---

[6] SCR 20:1.3 provides:

Diligence
A lawyer shall act with reasonable diligence and promptness in representing a client.

[7] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time

¶ 11. Also, by offering to refund the fee if the client would not file a grievance, Attorney Whitnall was found to have failed to cooperate with the Board in the investigation of a grievance and violated SCR 21.03(4),[8] SCR 22.07(3),[9] and SCR 20:8.4(f).[10] *See also Disciplinary Proceedings against Arrieh*, 174 Wis. 2d 331, 496 N.W.2d 601 (1993).

¶ 12. Attorney Whitnall's conduct was also found to have been improper with respect to a second client.

¶ 13. In 1998 the client retained Attorney Whitnall to handle two traffic tickets. The client contacted him numerous times over a five-month period but he did not respond to the calls. When the client was finally able to speak with Attorney Whitnall, he promised he would send the client a letter but never did so.

for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[8] Former SCR 21.03(4) provided:

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[9] Former SCR 22.07(3) provided:

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

[10] SCR 20:8.4(f) provides:

It is professional misconduct for a lawyer to:
(f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers.

In the meantime two default judgments had been entered against the client in both matters, resulting in the suspension of his driver's license. Attorney Whitnall did not take action to reopen the cases until five months after the client informed him of the defaults. By failing to reopen the default judgments in a timely manner, Attorney Whitnall was found to have failed to act with reasonable diligence and promptness in representing the client, in violation of SCR 20:1.3. By failing to appropriately advise the client regarding reopening the default judgment so that the client could determine whether to retain other counsel, Attorney Whitnall was found to have failed to explain the matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, in violation of SCR 20:1.4(b).[11]

¶ 14.   Finally, in 1999 at a time when Attorney Whitnall's license was suspended for his noncompliance with continuing legal education requirements, he appeared at a circuit court status conference on behalf of a client. He was thereby found to have practiced law in a jurisdiction where so doing violated the regulation of the legal profession in that jurisdiction, in violation of SCR 20:5.5(a).[12]

¶ 15.   The referee has recommended to this court that the following sanctions be imposed: (1) That the license of Attorney Whitnall to practice law in this

---

[11] SCR 20:1.4(b) provides:

(b)  A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[12] SCR 20:5.5(a) provides:

A lawyer shall not:
(a)   practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

state be suspended for a period of two years pursuant to SCR 21.06(2);[13] (2) that within 60 days Attorney Whitnall pay to the Board the costs of these proceedings in the amount of $888.64; (3) that within 60 days Attorney Whitnall repay to the former client the sum of $250 with interest at 5% from June 1, 1999; and, (4) that as a condition of reinstatement Attorney Whitnall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in the state of Wisconsin has been suspended.

¶ 16. We adopt the findings of fact and conclusions of law of the referee. Attorney Whitnall's misconduct with his clients and with respect to his Board obligations are serious failings warranting a suspension of his license. The referee's recommendation of sanctions is appropriate discipline for his professional misconduct.

¶ 17. IT IS ORDERED that the license of William D. Whitnall to practice law in the state of Wisconsin is suspended for a period of two years, effective January 24, 2001.

¶ 18. IT IS FURTHER ORDERED that William D. Whitnall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶ 19. IT IS FURTHER ORDERED that within 60 days of the date of this order William D. Whitnall shall pay to his former client the sum of $250 with interest at 5% from June 1, 1999.

---

[13] Former SCR 21.06(2) provided:

Misconduct is grounds for one or more of the following types of discipline:

(2) Suspension of license to practice law, including the imposition of conditions upon seeking reinstatement of the license.

¶ 20. IT IS FURTHER ORDERED that within 60 days of the date of this order William D. Whitnall shall pay $888.64 to the Office of Lawyer Regulation representing the costs of this proceedings. If these costs, and the refund to the client, are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of William D. Whitnall to practice law shall remain suspended indefinitely until further order of the court.