IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST William D. WHITNALL, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

William D. WHITNALL, Respondent.

Supreme Court

*No. 03–2535–D. Decided November 17, 2003.*

2003 WI 146

(Also reported in 673 N.W.2d 674.)

The Court entered the following order on this date:

Attorney William D. Whitnall has filed a petition for consensual license revocation pursuant to SCR 22.19(3). Whitnall was admitted to practice law in 1968 but his license has been under suspension since November 22, 1999 and he has not been reinstated. *Disciplinary Proceedings Against Whitnall*, 2000 WI 131, 239 Wis. 2d 721, 619 N.W.2d 926.

The Office of Lawyer Regulation (OLR) is currently investigating Whitnall concerning allegations of misconduct in his representation of two different clients. In those matters, the Preliminary Review Committee has found cause to proceed against Whitnall with respect to six professional misconduct rule violations including:

OLR File No. 99–081110 — failing to act with reasonable diligence and promptness in representing a client in violation of SCR 20:1.3; failing to inform a client of an offer of settlement and to abide by his client's decision whether to accept an offer of settlement in violation of SCR 20:1.2(a); failing to surrender papers and property to which his client was entitled in violation of SCR 20:1.16(d).

OLR File No. 01–091117 — failing to file a lawsuit or settle a client's claim within the statute of limitations thereby failing to act with reasonable diligence and promptness in representing a client in violation of SCR 20:1.3; failing to respond to a client's inquiries regarding the status of her lawsuit thereby failing to keep a client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information in violation of SCR 20:1.4(a); and failing to

inform his client of the applicable statute of limitations so the client could make an informed decision about retaining other counsel prior to the expiration of the statute of limitations period, thereby failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation in violation of SCR 20:1.4(b).

In his petition, Attorney Whitnall acknowledges that he cannot successfully defend against the pending allegations.

OLR has responded to Whitnall's petition for consensual license revocation and recommends that the petition be granted. Accordingly,

IT IS ORDERED Attorney William D. Whitnall's petition for consensual license revocation is granted and his license to practice law in this state is revoked as of the date of this order.

IT IS FURTHER ORDERED that to the extent that he has already not done so, William D. Whitnall must comply with SCR 22.26 relating to activities following license revocation.