IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Lee ERLANDSON, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Lee ERLANDSON,
Respondent.

Supreme Court

*No. 2004AP2623–D. Decided October 19, 2005.*

2005 WI 143

(Also reported in 704 N.W.2d 910.)

The Court entered the following order on this date:

Attorney Lee Erlandson has filed a petition for consensual license revocation under SCR 22.19. Attorney Erlandson's Wisconsin law license was suspended on June 5, 2001 after this court found that it appeared his continued practice of law posed a threat to the interests of the public and the administration of justice.[1]

Attorney Erlandson is currently the subject of a pending disciplinary action in which the OLR filed a complaint in October 2004 alleging 10 counts of misconduct involving four clients. Three counts of misconduct relate to Attorney Erlandson's representation of Paula W. Those counts include conversion which involves dishonesty, fraud, deceit and misrepresentation and creating and filing false and fraudulent annual guardianship accounts in violation of SCR 20:8.4(c)[2] and SCR 20:3.3(a)1.[3] One count of misconduct relates to Attorney Erlandson's representation of Roy C. That

---

[1] In August 2000, the Board of Attorneys Professional Responsibility (BAPR), the predecessor to the Office of Lawyer Regulation (OLR), filed a medical incapacity proceeding seeking the imposition of conditions on Attorney Erlandson's license to practice law. Pursuant to the parties' stipulation, this court determined that Attorney Erlandson was medically incapacitated as a result of his alcoholism. The court initially imposed certain conditions requested by BAPR on Attorney Erlandson's license to practice law. OLR subsequently filed a report saying Attorney Erlandson had failed to comply with those conditions. Based on that failure, this court temporarily suspended his license.

[2] SCR 20:8.4(c) provides: Misconduct

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[3] SCR 20:3.3(a)(1) provides: Candor toward the tribunal

54

count relates to a false billing statement involving dishonesty, contrary to SCR 20:8.4(c). Four counts involved Attorney Erlandson's representation of Donald H. Those counts include conversion, creating and attesting to a fraudulent guardianship report, filing a false annual guardianship report, and making false statements to the OLR, in violation of SCR 20:8.4(c), SCR 20:3.3(a) and SCR 22.03(6).[4] Two counts involved Attorney Erlandson's representation of Steve K. Those counts included leaving the state without surrendering the client's file and without allowing the client adequate time to employ new counsel, failure to refund unearned fees, improperly terminating his representation, and failing to act diligently in the matter, in violation of 20:1.16(d)[5] and SCR 20:1.3.[6] Attorney Stanley F. Hack was appointed referee in that disciplinary matter.

(a) A lawyer shall not knowingly:

 (1) make a false statement of fact or law to a tribunal.

[4] SCR 22.03(6) provides: Investigation.

 (6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[5] SCR 20:1.16(d) provides: Declining or terminating representation

 . . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6] SCR 20:1.3 provides: Diligence

The OLR has informed the court that the guardian of Paula W. applied for and received reimbursement from the State Bar's Wisconsin Lawyer's Fund for Client Protection (Fund) in the amount of $7300; that Donald H. applied for and received reimbursement from the Fund in the amount of $1304.95; and that Steve K. applied for and received reimbursement from the Fund in the amount of $1888. The OLR recommends that Attorney Erlandson be required to make restitution to the Fund in those amounts.

In March 2005, Attorney Erlandson was convicted of two Class H felonies, operating while under the influence of intoxicants and felony bailjumping. Attorney Erlandson is also currently the subject of an OLR investigation relating to his two felony convictions. In his petition, Attorney Erlandson submits under SCR 22.19(2) that he cannot successfully defend against the allegations of the OLR complaint or the investigation relating to the felony convictions. Referee Hack has filed a report recommending that Attorney Erlandson's license to practice law in Wisconsin be consensually revoked. The OLR also supports Attorney Erlandson's petition for consensual license revocation.

IT IS ORDERED that the petition for consensual license revocation is granted.

IT IS FURTHER ORDERED that the license of Lee Erlandson to practice law in Wisconsin is revoked effective the date of this order.

IT IS FURTHER ORDERED that Lee Erlandson shall comply with the requirements of SCR 22.26 relating to activities following revocation.

A lawyer shall act with reasonable diligence and promptness in representing a client.

IT IS FURTHER ORDERED that Lee Erlandson make restitution to the Fund in the amounts set forth above.

IT IS FURTHER ORDERED that Lee Erlandson shall pay the costs of this proceeding.