# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP1622-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Joshua F. Stubbins, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>        Complainant, <br>    v. <br> Joshua F. Stubbins, <br>        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST STUBBINS

| | |
|---|---|
| OPINION FILED: | October 14, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP1622-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Joshua F. Stubbins, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Joshua F. Stubbins,**

        **Respondent.**

**FILED**

OCT 14, 2014

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY  disciplinary  proceeding.  *Attorney's  license revoked.*

¶1   PER CURIAM.   In this matter, we consider the petition of Attorney Joshua F. Stubbins for the consensual revocation of his license to practice law in Wisconsin pursuant to Supreme Court Rule (SCR) 22.19.  Attorney Stubbins is the subject of ongoing investigations by the Office of Lawyer Regulation (OLR) regarding four separate client matters.  He acknowledges in his petition that he cannot successfully defend against the

misconduct allegations that have arisen out of those investigations.

¶2 Attorney Stubbins was admitted to the practice of law in this state in January 2007. During the time period relevant to the investigations, Attorney Stubbins was employed as an associate attorney with a Milwaukee law firm, where he worked primarily in the areas of defending consumer protection and products liability claims. Attorney Stubbins has not previously been the subject of professional discipline. On October 31, 2013, Attorney Stubbins's license was administratively suspended for failure to pay bar dues and assessments and for failure to submit an annual trust account certification. His license was also subsequently suspended for failure to comply with mandatory continuing legal education reporting requirements. His license has remained administratively suspended up to the date of this opinion.

¶3 The OLR's summary of the pending investigations involving Attorney Stubbins that is attached to the petition for consensual revocation indicates that the OLR has received three grievances regarding four separate client matters. They will be briefly summarized below.

¶4 The first investigation involves E.W., who was a partner in the law firm where Attorney Stubbins worked. E.W. requested that the firm represent him in foreclosing on a land contract for a piece of real property that E.W. and his wife owned. In approximately the spring of 2009, the firm assigned

Attorney Stubbins to work on the foreclosure of the land contract.

¶5 After Attorney Stubbins began working on the first foreclosure, E.W. and his wife entered into a second land contract for the property. The buyers under this second contract also defaulted. Consequently, Attorney Stubbins was directed to begin pursuing another foreclosure action against these second buyers.

¶6 Attorney Stubbins was to have filed the foreclosure complaints by October 2009. He did not do so, however, until July 2011. During the intervening nearly two years, Attorney Stubbins made multiple misrepresentations regarding the status of the matters, including falsely suggesting that certain actions, such as the service of a complaint, had been accomplished. By his evasion of certain questions and his misrepresentations, Attorney Stubbins led E.W. to believe that foreclosure actions had been initiated and were proceeding. Attorney Stubbins, however, filed the two foreclosure complaints in July 2011 only after E.W. had made numerous requests for information about the status of the foreclosure actions. Shortly after the complaints were filed, E.W. terminated the law firm's representation on both foreclosure matters and retained other counsel.[1]

---

[1] At some point during the time Attorney Stubbins was working on the foreclosure matters, E.W. left the law firm.

¶7 The OLR's investigation summary indicates that it is investigating possible violations of SCRs 20:1.3, 20:1.4(a)(3), 20:1.4(a)(4), and 20:8.4(c) in this matter.

¶8 The second and third client representations at issue have been addressed in a consolidated OLR investigation. Both of those matters were brought to the OLR's attention by the former general counsel of the law firm.

¶9 In the second client representation, the law firm represented a company that was a holdover tenant on a commercial lease. The firm assigned Attorney Stubbins to terminate the tenancy, return the keys to the landlord, and assist with the computation of damages connected to rent payments during the holdover period. Attorney Stubbins failed to return the keys to the landlord, which led to the client being held responsible for seven months of double rent charges and the law firm having to make a claim on its malpractice insurance policy. In addition to not doing everything that he was tasked to do, Attorney Stubbins also billed the client for work that he never performed. This ultimately caused the law firm to reduce the client's bill by $11,000.

¶10 In the third client representation, the firm assigned Attorney Stubbins to defend an auto finance company against a claim that the finance company had improperly seized the plaintiff's vehicle and then had sold it at auction.

¶11 During the pretrial phase of the litigation, the plaintiff's counsel served on Attorney Stubbins a notice of deposition for a finance company representative. After the

4

plaintiff's counsel sent a subsequent confirming letter, Attorney Stubbins responded that he had lost the deposition notice and would be unable to appear on the scheduled date. The plaintiff's counsel thereafter scheduled the representative's deposition for three separate subsequent dates. Each time Attorney Stubbins falsely told plaintiff's counsel that the client representative was ill and could not be deposed. On the last occasion, Attorney Stubbins went so far as to claim that the client representative was seriously ill and required kidney dialysis. When the deposition finally took place, the client representative testified that she had been unaware of the previously scheduled dates for her deposition, that she did not have any kidney-related health problems, and that she was not on dialysis.

¶12 Attorney Stubbins also made other misrepresentations to opposing counsel. For example, he told opposing counsel that he would produce certain information in discovery but that he could not do so yet because the client had not yet provided that information to him. The client subsequently acknowledged that it had provided the information at issue to Attorney Stubbins prior to his statement regarding the inability to produce.

¶13 The circuit court denied a summary judgment motion drafted by Attorney Stubbins and granted partial summary judgment as to liability to the plaintiff, leaving only the issue of damages to be tried. Attorney Stubbins failed to advise his client of these rather significant developments in the client's case.

5

¶14 In addition to filing the partial summary judgment motion, the plaintiff also filed a motion for sanctions against Attorney Stubbins. The circuit court granted the motion, which ultimately resulted in a sanction of $9,600 being paid by Attorney Stubbins personally. Attorney Stubbins also failed to advise his client that he had been sanctioned by the circuit court.

¶15 Finally, Attorney Stubbins filed a notice of appeal from the grant of partial summary judgment to the plaintiff without having obtained the client's consent to do so. The appeal was subsequently dismissed by the court of appeals.

¶16 The OLR states that for the second and third client matters, it is investigating potential violations of SCRs 20:1.3, 20:1.4(a), 20:3.4, 20:4.1(a), 20:8.4(c), and 20:8.4(f).

¶17 In the final client representation, the law firm represented a defendant in a civil action. A mediation session was scheduled, but Attorney Stubbins failed to advise the client of that fact. He attended the mediation session on the client's behalf without being accompanied by a client representative. The mediation resulted in a written settlement agreement, which Attorney Stubbins signed on the client's behalf even though he had no authority from the client to enter into a settlement agreement. Although Attorney Stubbins had a number of subsequent email communications with the client over the next couple of weeks, he failed to inform the client that the mediation session had occurred and that he had entered into a

6

settlement agreement on behalf of the client. Indeed, Attorney Stubbins led the client to believe that the mediation had not yet occurred.

¶18 Attorney Stubbins's employment with the law firm ended several weeks after the mediation. The law firm and the client subsequently learned that Attorney Stubbins had settled the case without the client's knowledge or consent. The law firm was able to re-open the case and to settle the matter at a second mediation session on terms acceptable to the client.

¶19 The OLR states that potential violations arising out of this matter include violations of SCRs 20:1.2, 20:1.3, 20:1.4(a), 20:4.1(a), 20:8.4(c), and 20:1.16(a)(2).

¶20 In its recommendation in support of Attorney Stubbins's petition, the OLR acknowledges that Attorney Stubbins has never been disciplined previously, but it emphasizes that Attorney Stubbins repeatedly lied to clients, to opposing counsel, and to members of his own law firm. He also engaged in a course of billing that was misleading and unethical. The OLR also points to two consensual revocation petitions that it contends involved misconduct that was similar or proportionate to the misconduct committed by Attorney Stubbins. See, e.g., In re Disciplinary Proceeding Against Erlandson, 2005 WI 143, 286 Wis. 2d 53, 704 N.W.2d 910 (granting consensual revocation petition involving allegations of ten potential violations); In re Disciplinary Proceedings Against Whitnall, 2003 WI 146, 267 Wis. 2d 28, 673 N.W.2d 674 (granting consensual revocation petition involving six potential ethical violations). The OLR

7

asserts that Attorney Stubbins's behavior was a reflection of his character and demonstrates that he is not fit to engage in the practice of law in Wisconsin.

¶21 The OLR further states that it is not seeking restitution for any of Attorney Stubbins's misconduct. While it did find evidence that Attorney Stubbins had overbilled a client in one of the four matters, there was no evidence that Attorney Stubbins himself had ever been in possession or control of client funds, and the law firm subsequently reduced the client's bill.

¶22 As noted above, Attorney Stubbins's petition states that he cannot successfully defend himself against the misconduct allegations that have arisen from the OLR's investigations. In the petition Attorney Stubbins asserts that he is freely, voluntarily, and knowingly (1) giving up his right to contest the OLR's allegations of misconduct and (2) asking for the revocation of his license to practice law in this state. He also acknowledges that he has the right to retain counsel in this matter, but states that he has chosen to represent himself. Finally, Attorney Stubbins states that he is aware of the consequences of the revocation of his license, including his obligation to follow the requirements of SCR 22.26 and the need to complete the formal reinstatement process outlined in SCRs 22.29 through 22.33 in the event that he would ever seek the reinstatement of his license.

¶23 After reviewing the petition, the OLR's summary of misconduct allegations under investigation, and the OLR's

recommendation, we conclude that the petition should be granted. As shown by the OLR's summary of its investigations, Attorney Stubbins's repeated misrepresentations to his clients, to his law firm, and to opposing counsel; his billing for work that he never performed; his lack of diligence; and his multiple decisions to take legally significant actions (e.g., filing an appeal, settling a lawsuit, etc.) on behalf of his clients without their knowledge or consent demonstrates that Attorney Stubbins does not possess the necessary character to hold a license to practice law in this state. These were not one or two isolated instances, but rather a pattern of deceitful statements and unethical conduct.

¶24 Consistent with the OLR's recommendation, we do not impose any restitution obligation on Attorney Stubbins. While his conduct certainly harmed his clients, there is not a proper basis in this matter for an order requiring him to return money or property that he received from his clients.

¶25 IT IS ORDERED that the petition for consensual license revocation is granted.

¶26 IT IS FURTHER ORDERED that the license of Joshua F. Stubbins is revoked, effective the date of this order.

¶27 IT IS FURTHER ORDERED that, to the extent he has not already done so, Joshua F. Stubbins shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.