2021 WI 12

# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP2405-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Stanley Whitmore Davis, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>Stanley Whitmore Davis,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST DAVIS

| | |
|---|---|
| OPINION FILED: | February 17, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

2021 WI 12

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP2405-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Stanley Whitmore Davis, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

      **v.**

**Stanley Whitmore Davis,**

      **Respondent.**

**FILED**

FEB 17, 2021

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. Pending before the court is a report and recommendation filed by Referee David G. Deininger. The report recommends that we accept Attorney Stanley Whitmore Davis' amended petition for consensual license revocation, order him to pay restitution, and revoke his license to practice law in Wisconsin. Attorney Davis is the subject of an Office of Lawyer Regulation (OLR) disciplinary complaint alleging that he committed 11 counts of professional misconduct in two client

matters. He is also the subject of two pending grievances that have not yet been fully investigated by the OLR.

¶2 We agree that both revocation and restitution are appropriate, and we agree that Attorney Davis shall pay the full costs of this proceeding, which are $1,497.67 as of October 8, 2020.

¶3 Attorney Davis was admitted to the practice of law in Wisconsin in 1998. He currently resides in Orlando, Florida. His law license is presently suspended for both disciplinary and administrative reasons. In June 2020 we issued a per curiam decision suspending Attorney Davis' law license for one year for 36 counts of professional misconduct committed in eight client matters. That misconduct included practicing law while suspended, failure to inform clients of his suspensions, neglect of client matters, and failure to account for advanced fees or to refund unearned fees. In re Disciplinary Proceedings Against Davis, 2020 WI 48, ¶11, 392 Wis. 2d 21, 943 N.W.2d 885.

¶4 His law license has been administratively suspended for failure to pay State Bar dues and failure to provide a required trust account certification since November 2, 2018. It has also been administratively suspended for failure to comply with CLE reporting requirements since June 5, 2019.

¶5 On December 20, 2019, while the above-referenced disciplinary matter was still pending, the OLR filed the disciplinary complaint now before us. In it, Attorney Davis was charged with 11 counts of professional misconduct in two client matters and the OLR sought a six-month license suspension,

2

restitution, and costs. Attorney Davis was personally served, but did not file an answer to the complaint. We appointed Referee David G. Deininger to preside over this matter.

¶6 Attorney Davis attempted to resolve all of his then pending disciplinary matters by filing a Petition for Revocation by Consent on May 19, 2020. However, by the time he filed that petition, our review of the first disciplinary matter was complete and our June 2020 opinion was awaiting release. Accordingly, we dismissed Attorney Davis' initial petition for license revocation and directed the parties to proceed in this matter. We further directed the parties to advise Referee Deininger if Attorney Davis opted to file an amended Petition for Revocation by Consent. He subsequently did so, the referee has issued a report, and the matter is now properly before us.

¶7 We first consider the pending disciplinary complaint. The first five counts arise from Attorney Davis' representation of D.R. D.R. retained Attorney Davis in February 2017 to represent him regarding his employment termination from the Wisconsin Department of Children and Families. D.R. paid Attorney Davis $3,500 in advanced fees to represent him. Over the next two years, Attorney Davis repeatedly failed to notify D.R. when Attorney Davis' law license was suspended; continued his representation of D.R. during these license suspensions; missed the deadline for filing a Notice of Claim with the Wisconsin Attorney General (a prerequisite for filing suit on D.R.'s termination); and did not provide D.R.'s case file to him when requested. After D.R. filed a grievance with the OLR,

Attorney Davis failed to respond to the OLR's request for a response.

¶8  Based on the forgoing, the OLR alleged that Attorney Davis' handling of the D.R. matter violated a number of the rules of professional conduct, as follows:

> **Count One**: By failing to notify D.R. of the May 31, 2017 suspension of his Wisconsin law license, or his subsequent suspensions, and his consequent inability to practice law, Attorney Davis violated SCR 22.26(1)(a),[1] enforceable via SCR 20:8.4(f).[2]
>
> **Count Two**: By continuing to represent and provide legal advice to D.R. following the May 31, 2017 suspension of his Wisconsin law license, Attorney Davis violated SCR 10.03(6),[3] SCR 22.26(2),[4] and SCR 31.10(1),[5] enforceable via SCR 20:8.4(f).

---

[1] SCR 22.26(1)(a) provides:

> On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

[2] SCR 20:8.4(f) provides:  "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[3] SCR 10.03(6) provides:

> If the annual dues or assessments of any member remain unpaid 120 days after the payment is due, the membership of the member may be suspended in the manner provided in the bylaws; and no person whose membership is so suspended for nonpayment of dues or assessments may practice law during the period of the suspension.

[4] SCR 22.26(2) provides:

4

**Count Three**: By misapprehending the deadline and thereby missing the 120-day deadline to file a notice of claim for D.R.'s termination, Attorney Davis violated SCR 20:1.1.[6]

---

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[5] SCR 31.10(1) provides:

If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the lawyer's state bar membership shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court, all supreme court justices, all court of appeals and circuit court judges, all circuit court commissioners appointed under SCR 75.02(1) in this state, all circuit court clerks, all juvenile court clerks, all registers in probate, the executive director of the state bar of Wisconsin, the Wisconsin State Public Defender's Office, and the clerks of the federal district courts in Wisconsin. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[6] SCR 20:1.1 provides:  "A lawyer shall provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

5

**Count Four** By failing to return D.R.'s case file, Attorney Davis violated SCR 20:1.16(d).[7]

**Count Five:** By failing to respond to the OLR's April 11, 2019 request for a response to D.R.'s grievance, Attorney Davis violated SCR 22.03(2),[8] enforceable via SCR 20:8.4(h).[9]

¶9 The remaining allegations in the OLR complaint relate to Attorney Davis' representation of the National Association to Stop Guardian Abuse, Inc. and related parties (collectively

---

[7] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[8] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[9] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

6

NASGA). On May 31, 2017, Attorney Davis' Wisconsin law license was administratively suspended for non-compliance with CLE reporting requirements. On August 1, 2017, NASGA retained Attorney Davis to represent them in an ongoing dispute with another advocacy group. Attorney Davis was paid $7,500 in advanced fees for that representation.

¶10 Attorney Davis did not inform NASGA that his Wisconsin law license was suspended and he failed to advise them of a subsequent license suspension for failure to pay bar dues. As the referee observed:

> Over the ensuing eighteen months, Davis did not inform his clients of his license suspensions; prepared two cease and desist letters but did not follow up with further actions regarding the opposing party's alleged defamation; did not respond to requests from his clients for status updates; and did not claim certified letters from his clients in which they had requested a refund of the fees they had paid him.

The client filed a grievance and Attorney Davis then failed to respond to the OLR's requests for information.

¶11 Based on the forgoing, the OLR alleged, as follows:

**Count Six:** By representing and providing legal advice to NASGA while his Wisconsin law license was suspended, Attorney Davis violated SCR 10.03(6), SCR 22.26(2), and SCR 31.10(1), enforceable via SCR 20:8.4(f).

**Count Seven:** By failing to notify his clients of his suspensions during the representation, and his consequent inability to practice law while suspended, Attorney Davis violated SCR 22.26(1)(a).

**Count Eight:** By failing to advance a civil claim on C.F.'s and/or NASGA's behalf or timely determine whether a potential civil claim had merit, and by failing to pursue the actions agreed to during the May

7

5, 2018 conference call, Attorney Davis violated SCR 20:1.3.[10]

**Count Nine:** By failing to respond to his clients' requests for status updates following their May 5, 2018 conference call or otherwise keep them informed as to case status, Attorney Davis violated SCR 20:1.4(a)(3)[11] and SCR 20:1.4(a)(4).[12]

**Count Ten:** By failing to refund unearned fees upon termination of representation, Attorney Davis violated SCR 20:1.16(d).

**Count Eleven:** By failing to respond to the OLR's May 1, 2019 request for a response to P.A.R.'s grievance, Attorney Davis violated SCR 22.03(2), enforceable via SCR 20:8.4(h).

¶12 On August 18, 2020, Attorney Davis filed an amended petition for consensual license revocation pursuant to Supreme Court Rule (SCR) 22.19.[13] In his amended petition Attorney Davis

---

[10] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[11] SCR 20:1.4(a)(3) provides: "A lawyer shall keep the client reasonably informed about the status of the matter."

[12] SCR 20:1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests by the client for information."

[13] SCR 22.19 provides:

(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after

8

discloses that in addition to the complaint before us now, the OLR is also investigating two additional grievances against Attorney Davis.    Attorney Davis admits that he cannot successfully defend against the allegations of this complaint or the pending grievances.    He states that is aware of his right to legal counsel but he is freely, voluntarily, and knowingly giving up his right to further contest the allegations of misconduct in this complaint and in the pending grievances. Attorney Davis further agrees that he should be ordered to make restitution to three former clients in the amount of $7,500 to NASGA, $7,500 to C.F., and $4,000 to P.A.R., relating to a pending grievance.

---

the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned.  Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee.  Upon a showing of good cause, the supreme court may extend the time for filing a response.  The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

¶13 The OLR supports Attorney Davis' petition for consensual license revocation. The OLR confirms that certain grievances against Attorney Davis remain under investigation and contends that Attorney Davis has engaged in "serious misconduct." The OLR states: "[d]avis misled his clients into thinking he had a valid law license, collected fees, then abandoned them after intermittent work."

¶14 The referee determined, based on the disciplinary complaint, Attorney Davis' amended petition for consensual license revocation, and the OLR's response, that Attorney Davis has engaged in serious misconduct, and he recommends that we accept the petition, order restitution, and revoke Attorney Davis' license to practice law. No appeal has been filed in this matter, so our review proceeds pursuant to SCR 22.17(2).

¶15 As the OLR stated, and the referee agreed, we have accepted SCR 22.19 consent revocation petitions involving similar levels of misconduct in the past. See In re Disciplinary Proceedings Against Stubbins, 2014 WI 115, 358 Wis. 2d 358, 854 N.W.2d 682 (granting petition where previously undisciplined attorney faced 17 potential counts of misconduct in three matters including lack of diligence, failure to communicate, and where the attorney repeatedly lied to cover up his lack of diligence); In re Disciplinary Proceedings Against Whitnall, 2003 WI 146, 267 Wis. 2d 28, 673 N.W.2d 674 (granting petition where attorney faced six counts including failure to act diligently for clients, failure to communicate with clients, and failure to return their files).

¶16 The OLR alleged, and the referee agreed that, Attorney Davis "misled his clients into thinking he had a valid law license, collected fees, then abandoned them after intermittent work.  The result was a lack of diligence, communication and follow through similar to Stubbins and Whitnall."  Indeed, the referee describes Attorney Davis as "an attorney who has lost all interest, let alone diligence . . . in advocating for his clients or protecting their interests."  The referee added that in addition to his failure to diligently and competently pursue legal matters his clients entrusted to him and to timely communicate relevant information to them, Attorney Davis has also repeatedly shirked his obligations as a member of the bar.

¶17 We agree that the seriousness of Attorney Davis' misconduct demonstrates a need to protect the public, the courts, and the legal system from repetition of this misconduct, to impress upon Attorney Davis the seriousness of his misconduct, and to deter other attorneys from engaging in similar misconduct.  See In re Disciplinary Proceedings Against Arthur, 2005 WI 40, ¶78, 279 Wis. 2d 583, 694 N.W.2d 910.  Accordingly, we accept the referee's findings of fact, conclusions of law, and recommendation.  We order Attorney Davis to pay restitution in the amount of $7,500 to NASGA, $7,500 to C.F., and $4,000 to P.A.R., we grant Attorney Davis' petition for revocation by consent, and we revoke Attorney Davis' Wisconsin law license effective the date of this order.

¶18  Finally, we direct Attorney Davis to pay the costs of this proceeding, which are $1,497.67 as of October 8, 2020.

11

Attorney Davis has provided no reason for this court to deviate from its usual practice of imposing full costs. SCR 22.24(1m).

¶19 IT IS ORDERED that the petition for revocation by consent is granted and the license of Stanley Whitmore Davis to practice law in Wisconsin is revoked, effective the date of this order.

¶20 IT IS FURTHER ORDERED that to the extent he has not already done so, Stanley Whitmore Davis shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶21 IT IS FURTHER ORDERED that Stanley Whitmore Davis is ordered to pay restitution in the amount of $7,500 to NASGA, $7,500 to C.F., and $4,000 to P.A.R.

¶22 IT IS FURTHER ORDERED that as a condition of any future petition for reinstatement of his license to practice law in Wisconsin, Stanley Whitmore Davis will be required to prove that he has made restitution to or settled all claims of all persons injured or harmed by his misconduct, including reimbursement to the Wisconsin Lawyers' Fund for Client Protection for all payments made by that fund, or, if restitution has not been made, Stanley Whitmore Davis will need to explain his failure or inability to do so. See SCR 22.29(4m).

¶23 IT IS FURTHER ORDERED that within 60 days of the date of this order, Stanley Whitmore Davis shall pay the Office of Lawyer Regulation the costs of this proceeding, which are $1,497.67 as of October 8, 2020.

12

¶24 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶25 IT IS FURTHER ORDERED that the administrative suspension of Stanley Whitmore Davis' license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, for failure to file Office of Lawyer Regulation trust account certification, and for noncompliance with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).